# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
JULIA DIPIAZZA,                    *
                                   *    No. 20-328V
            Petitioner,            *    Special Master Christian J. Moran
                                   *
v.                                 *    Filed: May 11, 2023
                                   *
SECRETARY OF HEALTH                *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * * * *
```

<u>Michael G. McLaren</u>, Black McLaren, et al., PC, Memphis, TN, for Petitioner;
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Julia Dipiazza's motion for final attorneys' fees and costs. She is awarded **$81,185.43**.

*       *       *

On March 24, 2020, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination she received on November 16,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

2018, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer a left shoulder injury related to vaccination administration. A fact hearing was held via videoconference on April 8, 2021. Thereafter, on December 14, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on December 20, 2021. 2021 WL 6424700.

On March 22, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $77,996.90 and attorneys' costs of $4,188.53 for a total request of $82,185.43. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. Ex. 3. On March 23, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

*       *       *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Mr. Chris Webb, $338.00 per hour for work performed in 2019, $351.00 per hour for work performed in 2020, $364.00 per hour for work performed in 2021, and $395.00 per hour for work performed in 2022; for Mr. William Cochran, Jr., $391.00 per hour for work performed in 2019, $405.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, and $435.00 per hour for work performed in 2022; and for Mr. Michael McLaren, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $501.00 per hour for work performed in 2022; and

In previous cases involving counsel from the Black McLaren firm, which is located in Memphis, Tennessee, the undersigned has awarded counsel local rates. See, e.g., Montgomery v. Sec'y of Health & Human Servs., No. 15-1037V, 2020 WL 2510442 (Fed. Cl. Spec. Mstr. Apr. 29, 2020); Sweatt v. Sec'y of Health and Human Servs., No. 15-1222V, 2017 WL 2417770 (Fed. Cl. Spec. Mstr. May 12, 2017). Since that time, counsel at Black McLaren were awarded attorneys' fees by the United States District Court for the Western District of Tennessee which are equal to or, in some instances, higher than the forum rates that other special masters have awarded counsel for their Vaccine Program work. Fees App. at 5-6. In light of this new evidence provided by petitioner, the undersigned now concludes counsel's local rates are not substantially different from a reasonable forum rate and shall therefore compensate their work at forum rates going forward.

Given that counsel has previously been awarded forum rates by other special masters in the Vaccine Program, the undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what counsel have previously

been awarded for their Vaccine Program work. See, e.g. Avila v. Sec'y of Health & Human Servs., No. 19-1058V, 2022 WL 9949632 (Fed. Cl. Spec. Mstr. Sept. 20, 2022); Hejna v. Sec'y of Health & Human Servs., No. 18-1833V, 2022 WL 3581115 (Fed. Cl. Spec. Mstr. Jul. 19, 2022). Accordingly, the requested hourly rates are reasonable.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. However, a small overall reduction must be made due to various minor issues, such as paralegals billing for administrative tasks like filing documents and paying invoices, and for excessive time spent on the preparation and review of routine filings such as the Joint Notice Not to Seek Review. Upon review, a reduction of $1,000.00 is reasonable in order to achieve "rough justice." Petitioner is awarded final attorneys' fees in the amount of $76,996.90.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $4,188.53 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and travel expenses associated with a client visit with petition and for the fact hearing, both in Oklahoma City. Petitioner has provided the necessary documentation supporting these costs and all appear reasonable in the undersigned's experience.[2] Petitioner is therefore awarded the full amount of costs sought.

---

[2] The undersigned is satisfied that in the instant case petitioner has provided justification for an in-person meeting. See Petitioner's Status Report, filed January 4, 2023. However, the undersigned notes that due to the increased cost of in-person meetings (travel expenses such as airfare and lodging, time billed for travel, etc.) and the recent proliferation in teleconference

D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$81,185.43** (representing $76,996.90 in attorneys' fees and $4,188.53 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Michael McLaren.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

technology, an attorney traveling for an in-person meeting may not be reasonable in all circumstances.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.